

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

June 8, 2021

**VIA ECF and EMAIL**

Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Desiste v. Sobande; Action No. 20-cv-6947 (KPF)*

Hon. Judge Failla:

     We represent Defendant Solomon Sobande ("Defendant"), in the above-referenced action. We write pursuant to 3.C of Your Honor's Individual and Local Civil Rule 37.2 in response to plaintiff Bruce Desiste's ("Plaintiff") request for a pre-motion discovery conference.  Defendant's position remains that the discovery at issue sought by Plaintiff is neither relevant nor proportional to the needs of the case.

     According to Plaintiff's counsel, Plaintiff's Requests Nos. 19 and 23 (sometimes collectively referred to as "Requests", in the plural, or "Request" in the singular) seeks documents reflecting the gross income received by Defendant related to his management of Onfroy and Goulbourne,[1] including monies received prior to the effective date of the parties' alleged agreement, which according to the alleged agreement itself was March 6, 2018 ([Dkt No. 1-1] (the "Alleged Agreement").[2]  Defendant provided written objections and responses to Requests No. 19 and 23 and produced documents during the relevant periods when the Alleged Agreement was allegedly in effect.[3]

     In his Objections and Responses to Plaintiff's First Set of Requests for Production of Documents Requests Nos. 19 and 23, which were amended on May 10, 2021, Defendant objected on various grounds, including the following objections which are relevant to this dispute:

---

[1] The two recording artists are Jahseh Dwayne Ricardo Onfroy p/k/a/ XXXtentacion ("Onfroy") and Stokely Clevon Goulbourne p/k/a/ Ski Mask the Slump God ("Goulbourne") (sometimes collectively referred to as "Artist").

[2] Defendant does not concede Plaintiff's allegations in the Complaint, including but not limited to that any agreement, written or oral, was entered into by the parties.

[3] According to the terms of the Alleged Agreement, the term thereof commenced on March 6, 2018 and terminated on or about June 18, 2018, the date that Onfroy passed away.  *See* [Dkt No. 1-1 ¶2(a)].  Goulbourne's management agreement with Defendant terminated prior to the date of the Alleged Agreement.

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

> Defendant objects to this Request to the extent it is duplicative of other Requests. Defendant objects to the Request to the extent it seeks documents that third parties have deemed to be confidential and would require notice to be given to one or more third parties before responsive documents can be produced. Defendant further objects to the Request to the extent that it seeks information and/or documents that require Defendant to conduct investigations, acquire information not presently within his possession or require him to compile or evaluate information in a manner which is unduly burdensome, oppressive, or harassing. Defendant further objects to the Request to the extent that it requests the production of documents that are not proportional to the needs of the case, considering the factors outlined in Fed. R. Civ. P. 26(b)(1), as the Request seeks all documents, rather than documents sufficient to show the gross income.

In response to Req. No. 19, which related to Onfroy, Defendant indicated that he would "produce non-privileged responsive documents sufficient to show the gross income received pursuant to the exclusive management agreement with [Onfroy] between March 6, 2018 and June 18, 2018." In response to Req. No. 23, Defendant indicated that he had "no documents responsive to this demand in his possession, custody or control as the exclusive management agreement with [Goulbourne] was terminated prior to March 6, 2018."[4]

Documents showing the amounts that Defendant received related to his management of Onfroy and Goulbourne prior to March 6, 2018 are not discoverable as they are not relevant to Plaintiff's claim and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Rule 26(b)(2) imposes a proportionality test on the scope of discovery. *See* Fed. R. Civ. P. 26(b)(2); *Zubulake v UBS Warburg LLC*, 217 FRD 309, 316 (S.D.N.Y. 2003); *Woelfle v Black & Decker (U.S.) Inc.*, 1:18-CV-486, 2020 WL 1180749, at *2-3 (W.D.N.Y. Mar. 12, 2020) (finding that some of plaintiff's discovery demands were not relevant to the claims and would also "be a significant discovery burden on the Defendant without clear necessity.").

Here, the requested documents are not relevant as Plaintiff's entitlement to payment, if any, did not commence until March 6, 2018. *See* [Dkt No. 1-1]. By the terms of the Alleged Agreement, Plaintiff is not entitled to any portion of these funds, even if he were to prove that the Alleged Agreement is valid and enforceable and that he performed thereunder. Pursuant to the Alleged Agreement, its "term… shall commence upon [its] execution" and "will be co-terminus with [Defendant's] exclusive Management Agreement with [A]rtist." *See* [Dkt No. 1-1 ¶2(a)]. Further, Plaintiff's fee was to be paid "for the duration [of the Alleged Agreement]", not prior to its term. *See id.* ¶4. As such, Plaintiff is not entitled to this information and documents based on relevancy grounds. *See Woelfle*, 2020 WL 1180749, at *2-3; *Cf. Brockhaus v Gallego Basteri*, 15-CV-2707 (KBF), 2015 WL 13882382, at *2-3 (S.D.N.Y. Nov. 20, 2015) (rejecting defendant's argument that discovery concerning "gross income" did not include funds received by "Lion Productions" as the agreement's definition of gross income "include[ed] at least a portion of Lion Productions' income, and therefore the evidence is relevant and admissible."). Plaintiff's argument that they are entitled to these

---

[4] Defendant's counsel participated in two sperate meet and confers on the issues set forth in this letter.

documents on the basis of an alleged oral agreement is also without merit. *First*, Plaintiff pled that the written Alleged Agreement "memorialized the terms of the [alleged oral agreement]…" Complaint ¶20 [Dkt No. 1]. Plaintiff did not plead that it had different or separate terms. Plaintiff cannot now for the first time in discovery take the position that the alleged oral agreement had different terms. Further, the alleged oral agreement would be barred by the statute of frauds. To the extent that the alleged oral agreement, like the Alleged Agreement, purportedly required Defendant to continue making payments (*see e.g.* [Dkt No. 1-1 ¶2(b)]), it is barred by the statute of frauds. Under New York law, oral agreements with post-termination payment requirements are unenforceable, even if the agreement can be terminated or completed within one year, as they impose requirements on parties that continue even if the agreement has been terminated. *See e.g. Levine v Zadro Products, Inc.*, 2003 WL 21344550, at *4 (S.D.N.Y. June 9, 2003); *Urvant v Imco Poultry, Inc.*, 325 F Supp 677, 686 (E.D.N.Y. 1970), *affd sub nom.* 440 F.2d 1355 (2d Cir 1971); *Cohen v Bartgis Bros. Co.*, 264 A.D. 260, 261 (1st Dep't 1942), *affd,* 289 NY 846 (1943) (open ended obligations to pay that endured after termination of agreement fell within the statute of frauds). As Plaintiff will be unable to establish that Defendant's pre-March 6, 2018 income received pursuant to the exclusive management agreements is relevant, Defendant should not be compelled to produce documents regarding same.

It will be unduly burdensome for Defendant to compile the information requested by Plaintiff. In order to produce same, Defendant will have to search through almost a years' worth of bank statements containing hundreds of transactions that are wholly unrelated to this case, and determine which of those transactions related to income that were received pursuant to the exclusive management agreement with each Artist. Defendant's search for relevant transactions through the bank statements that were produced was in itself time consuming as the bank statements do not specify what the payments were for. As Plaintiff's request for pre-March 6, 2018 gross income is both burdensome and not relevant to Plaintiff's claim, the demands are not proportional to the needs of this case. *See Woelfle*, 2020 WL 1180749, at *2-3.

Defendant appreciates the Court's time in assisting the parties to resolve this discovery issue and look forward to addressing these issues with the Court at a pre-motion conference.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.


Cc:     All Counsel of Record Via ECF

The Court is in receipt of Plaintiff's June 3, 2021 letter requesting a pre-motion conference (Dkt. #21), and Defendant's June 8, 2021 letter in response (Dkt. #22).  The parties are hereby ORDERED to appear for a conference regarding Plaintiff's contemplated motion for discovery on June 16, 2021, at 10:00 a.m.  The conference will take place by telephone, and the dial-in information is as follows: At 10:00 a.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 10:00 a.m.

Dated:     June 9, 2021              SO ORDERED.
           New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE