

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022-4834
Tel: 212.209.3050
Fax: 212.371.5500

**Princeton**
4 Independence Way, Ste. 120
Princeton, NJ 08540
Tel: 609.514.1500
Fax: 609.514.1501

www.reitlerlaw.com

**MEMO ENDORSED**

August 18, 2021

**VIA ECF AND EMAIL**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re: <u>**Desiste v. Sobande; Action No. 20-cv-6947 (KPF)**</u>

Dear Judge Failla:

      We are counsel to plaintiff Bruce Desiste ("Plaintiff") in the above-referenced action. We regrettably write again pursuant to Section 3.C of Your Honor's Individual Practices and Local Civil Rule 37.2 to respectfully request another pre-motion discovery conference with respect to the further refusal of defendant Solomon Sobande ("Defendant") to produce additional relevant documents in this action.

      As detailed more fully in our June 3, 2021 letter submitted to the Court in connection with Plaintiff's first motion to compel [Doc. 21], this case concerns Defendant's failure to account and pay Plaintiff monies due to Plaintiff pursuant to the parties' profit-sharing agreement. Per the allegations of the Complaint, Defendant agreed to pay Plaintiff twenty percent (20%) of the gross revenue Defendant, a personal manager in the music industry, earned in connection with the musical careers of two artists he managed who were professionally known as "XXXTentacion" and "Ski Mask The Slump God", respectively. Complaint, ¶¶16, 21.

      With respect to the former, Defendant entered into a written management agreement with XXXTentacion dated as of January 28, 2017 (the "Management Agreement") that had an initial term of one year that was extended for a subsequent four-year term, i.e., through January 28, 2022. During the term of this Management Agreement, and while he was alive, XXXTentacion commercially released at least two record albums (entitled "17" and "?", hereinafter collectively referred to as the "Albums"), and Defendant received commissions from XXXTentacion in connection with (i) the record royalties XXXTentacion received relating to the master recordings contained on such Albums (the "Recordings"), and (ii) publishing royalties XXXTentacion

279212

received relating to the underlying musical compositions embodied in the Recordings (the "Compositions"). Even though XXXTentacion died on June 18, 2018, pursuant to the Management Agreement, Defendant is entitled to continue receiving commissions for the full 5-year term of the Management Agreement with respect to deals, like XXXTentacion's recording and publishing contracts, that were executed and/or negotiated during the term of the Management Agreement.

On June 16, 2021, this Court granted, in part, Plaintiff's motion to compel Defendant to produce documentation reflecting the gross monies received by Defendant relating to XXXTentacion and Ski Mask The Slump God and ordered Defendant to produce financial documentation "for the period March of 2017 forward". See Certified Transcript of June 16, 2021 Premotion Conference [Doc. 24], 20:9-10. To date, Defendant has produced such financial documentation from March 2017 through June 2018, when XXXTentacion died, and claimed that Defendant did not receive any management commissions relating to XXXTentacion thereafter.

During the July 13, 2021 deposition of Defendant, Plaintiff learned for the first time that Defendant had, in fact, received monies relating to the musical career of XXXTentacion after June 18, 2018. Defendant testified that he had received such monies pursuant to a written agreement with Ms. Cleopatra Bernard, who we are informed is XXXTentacion's mother and the representative of XXXTentacion's estate (the "Bernard Agreement") and further that the Bernard Agreement may make reference to the existence and/or terms of the Management Agreement. During the deposition, Plaintiff's counsel requested a copy of the Bernard Agreement as well as documents reflecting the monies received by Defendant after June 18, 2018 in connection with the Recordings and Compositions[1].

We followed up on these, and other, requests in writing via email to Defendant's counsel on July 23, 2021. Defendant's counsel did not respond to this email in writing. On August 9th or 10th, 2021, during a telephone conversation between the undersigned and Defendant's counsel, Plaintiff's post-deposition document requests were discussed and Defendant's counsel informed the undersigned that he would confer with his client and revert back. Defendant's counsel did not revert back. Moreover, Defendant's counsel ignored our follow-up emails on August 11, 2021 and August 13, 2021.

Plaintiff also reasonably believed that a copy of the Bernard Agreement was responsive to one or more document requests contained in a June 23, 2021 subpoena to non-party Robert A. Celestin, Esq. (the "Celestin Subpoena") and would be produced by Mr. Celestin in response to the Subpoena. In the afternoon of August 16, 2021, we received a partial production of documents from Mr. Celestin in response to the Celestin Subpoena. The Bernard Agreement was not contained in that production. The undersigned was contemporaneously informed by counsel for Mr. Celestin

---

[1] Notably, Plaintiff did not request, and is not now requesting, that Defendant produce documentation with respect to the monies received by Defendant from any posthumously-released material of XXXTentacion or from any other payments to Defendant under the Bernard Agreement. Plaintiff is only seeking financial documentation from Defendant with respect to those works that were released during the term of the Management Agreement while XXXTentacion was alive.

Honorable Katherine Polk Failla
August 18, 2021
Page 3 of 3

that counsel for the Defendant had instructed Mr. Celestin to not produce the Bernard Agreement in response to the Celestin Subpoena. We immediately requested a meet and confer with Defendant's counsel as to whether Defendant would produce the requested financial information and a copy of the Bernard Agreement. Counsel for both parties held a telephonic meet and confer yesterday, August 17, 2021, which was not successful.

Plaintiff therefore is left with no choice but to seek judicial intervention to compel Defendant to produce (i) a copy of the Bernard Agreement, and any amendments and/or modifications thereto, and (ii) documents reflecting the monies received by Defendant from June 18, 2018 to the present relating to the XXXTentacion Recordings and Compositions.

Plaintiff is entitled to the discovery of the requested documents under the broad standard of relevance set forth in Fed.R.Civ.P. 26. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," as long as the discovery requested is "proportional to the needs of the case." Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). The requested documents plainly meet this standard.

We are cognizant that the deadline to complete fact discovery is today, August 18, 2021. However, Plaintiff has diligently and actively pursued an amicable resolution of this discovery dispute to the best of our ability given Defendant's delay tactics and dilatory discovery conduct. This is the only outstanding fact discovery issue that we are aware of. Thus, we respectfully request that the Court hold open the fact discovery period with respect to this last remaining dispute only until such time as a resolution can be reached, with all other existing deadlines to be maintained.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Brian D. Caplan*

Brian D. Caplan

cc:     All Counsel of Record (via ECF)

```
```
Case 1:20-cv-06947-KPF   Document 29   Filed 08/18/21   Page 4 of 4

The Court is in receipt of Plaintiff's above letter requesting a pre-motion discovery conference. Defendant is ORDERED to submit a response on or before August 23, 2021. Moreover, the fact discovery deadline is hereby STAYED pending resolution of the issues raised in Plaintiff's letter.

Dated:   August 18, 2021         SO ORDERED.
         New York, New York

                                 *Katherine Polk Failla* (signature)

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE