UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE DESISTE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-v.-<br><br>SOLOMON SOBANDE,<br><br>　　　　　　　　　Defendant. | 20 Civ. 6947 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

　　　At the September 2, 2021 conference in this matter, Plaintiff renewed his request for discovery related to monies received by Defendant following the June 18, 2018 death of XXXTentacion (the "Artist"). Specifically, Plaintiff maintained that he was entitled to discovery into any commissions earned by Defendant post-June 18, 2018, that related to works released prior to the Artist's death. Defendant argued that any such monies were earned pursuant to the June 28, 2018 management agreement between Defendant and Cleopatra Bernard, the Artist's mother (the "Bernard Agreement"), rather than the January 28, 2017 management agreement between Defendant and the Artist (the "Initial Management Agreement"). At the Court's request, following the conference, the parties made an *in camera* submission that included: (i) the Bernard Agreement; (ii) the Initial Management Agreement; and (iii) transcripts of Plaintiff's and Defendant's depositions. Having carefully reviewed these materials and having considered the thoughtful arguments made by the parties at the September 2, 2021 conference, the Court finds that Plaintiff is not

entitled to any further discovery into monies earned by Defendant following the execution of the Bernard Agreement.

In reaching this decision, the Court took particular note of Defendant's deposition testimony that he entered into the Bernard Agreement based upon his understanding — influenced in part by a discussion with counsel for the Artist's estate — that the Initial Management Agreement was no longer operative. (*See* Sobande Dep. 208:24-212:15, 214:6-218:23).[1] Putting to the side for the moment whether counsel's statement was legally correct, it remains the case that Defendant eschewed pursuing his rights under the Initial Management Agreement, and concluded instead that it was necessary to negotiate a new agreement with the Artist's mother. Defendant further understood that, following the execution of the Bernard Agreement, any commissions he received that related to the Artist's works (both works released prior to and following the Artist's death) would be earned pursuant to the Bernard Agreement, rather than the Initial Management Agreement.

Under the terms of the parties' alleged agreement, Plaintiff was entitled to 20% of the "gross receipts" received by Defendant "pursuant to the exclusive Management Agreement between [Defendant] and Artist." (Dkt. #1 at ¶ 22). Plaintiff was *not* entitled to the "gross receipts" received by Defendant pursuant to any other agreements, including the Bernard Agreement. Accordingly,

---

[1] Counsel for Plaintiff contends that the statement of counsel for the Artist's estate constitutes hearsay that may not be considered by this Court. The Court understands that the statement is not being admitted for its truth, but for the effect that it had on Defendant's state of mind and subsequent decisions. *See generally United States* v. *Quinones*, 511 F.3d 289, 312 (2d Cir. 2007).

Plaintiff's renewed discovery request seeks documentation beyond the scope of the instant litigation. Plaintiff's request for additional fact discovery is therefore DENIED.

    SO ORDERED.

Dated:  September 7, 2021
          New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge