

Sarah Matz
Partner
Sarah@adelmanmatz.com
Dir: (646) 650-2213

December 23, 2021

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: <u>Desiste v. Sobande; Action No. 20-cv-6947 (KPF)</u>

Hon. Judge Failla:

      We represent Defendant Solomon Sobande ("Defendant") in the above-referenced action. We write pursuant to 9.C.i of Your Honor's Individual Practices and Paragraph 3 of the February 25, 2021, Confidentiality Stipulation and Order [Dkt. No. 16], to respectfully request that the Court issue an order allowing Defendant to file Exhibit C [Dkt. No. 45] to Solomon Sobande's Declaration in support of Defendant's Motion for Summary Judgment ("Defendant's Motion") against Plaintiff Bruce Desiste ("Plaintiff"), dated December 13, 2021, under seal.

      When determining whether to issue an order for the sealing or redaction of documents, the Court applies a three-part test: (1) determine whether the document is a judicial document, i.e., whether "the item filed must be relevant to the performance of the judicial function and useful in the judicial process"; (2) determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

      A "judicial document" is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F3d 132, 139-140 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). In determining whether a document is a judicial record, the Court evaluates the "relevance of the document's specific contents to the nature of the proceeding" and the degree to which "access to the [document] would materially assist the public in understanding the issues before the… court, and in evaluating the fairness and integrity of the court's proceedings." *Bernstein*, 814 F3d at 139-140. The "mere filing of a paper or document with the court is insufficient to render that paper a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Here, Exhibit C to Sobande's Declaration is a copy of the management agreement between Defendant and Jahseh Dwayne

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

Ricardo Onfroy p/k/a XXXTentacion ("Onfroy") dated January 28, 2017 (the "Onfroy Agreement"). While the Onfroy Agreement is a judicial document, it has only been submitted in connection with Defendant's Motion for the limited purpose of providing examples of Sobande's actual signature.

The second factor, the weight of the presumption, also weighs in favor of allowing sealing. The substance of the Onfroy Agreement i.e., the business terms of the parties' arrangement, which have been redacted, is not at issue or relevant to Defendant's Motion. Defendant is not seeking to seal the portions of the Onfroy Agreement that are relevant to Defendant's Motion i.e., Sobande's signature. As such, the portion sought to be sealed has a low importance to the performance of the judicial function.

The privacy interests also outweigh the presumption to public access to the redacted portions of the Onfroy Agreement. It is well settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch*, 435 F.3d at 119; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies, and policies); *Tropical Sails Corp. v. Yexy, Inc.*, 2016 WL 1451548, ay *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations").

Here, Defendant's proposed redactions to the Onfroy Agreement, are narrowly tailored to redact information that Defendant believes would cause competitive harm if it were revealed. Specifically, Defendant has redacted the business terms of his management relationship with Onfroy, which includes information such as the services Sobande agreed to provide and the financial terms of the parties' relationship. If disclosed, the redacted information could harm Defendant's relationship with his other clients and undermine Defendant's ability to competitively negotiate with others in the future. This information would also provide Defendant's competitors with an advantage if they were aware of the percentage Defendant is paid by his clients. Defendant would also be disadvantaged in negotiations with his current clients, and potential future clients, if these artists were aware of the financial compensation Onfroy provided to Defendant. Defendant closely guards his financial arrangements with its clients for these very reasons, and as such, redaction is appropriate.

The undersigned has met and conferred with counsel for Plaintiff, who is consenting to this request.

We greatly appreciate the Court's time and consideration, and should the Court need any further information we are available at Your Honor's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

*/s/ Sarah M. Matz*

Sarah M. Matz, Esq.

Cc: Brian D. Caplan, Esq. (*via ECF*)

Application GRANTED. The Clerk of Court is directed to file the documents at docket number 52 under seal, visible only to the Court and parties. The Clerk of Court is further directed to terminate the pending motion at docket number 50.

Dated:   December 27, 2021          SO ORDERED.
         New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE