



David Marcus
Counsel
David@adelmanmatz.com
Dir: (646) 915-1190

February 7, 2022

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**MEMO ENDORSED**

Re: **Desiste v. Sobande; Action No. 20-cv-6947 (KPF)**

Hon. Judge Failla:

      We represent Defendant Solomon Sobande ("Defendant") in the above-referenced action. We write pursuant to 9.C.i of Your Honor's Individual Practices, Paragraph 3 of the February 25, 2021, Confidentiality Stipulation and Order [Dkt. No. 16], and the December 27, 2021 Sealing Order [Dkt. No. 53], to respectfully request that the Court issue an order allowing Plaintiff to file Exhibit 23 [Dkt. No. 56-5][1] to Brian Caplan's Declaration in opposition of Defendant's Motion for Summary Judgment ("Defendant's Motion") against Plaintiff Bruce Desiste ("Plaintiff"), dated January 27, 2022, in redacted form. *See* Exhibit 23 (the "Transcript"), with redactions.[2]

      The contract percentages that Defendant seeks to redact from one of his deposition transcripts, i.e., Exhibit 23, include the very percentages in Defendant's management agreement with Jahseh Dwayne Ricardo Onfroy p/k/a XXXTentacion ("Onfroy"), that the Court already held should be sealed. *See* [Dkt No. 52-1; Dkt No. 53]. As the Court can see below, the arguments for redaction here are identical to those set forth in his prior request, which was granted. *See* [Dkt No. 53].

      When determining whether to issue an order for the sealing or redaction of documents, the Court applies a three-part test: (1) determine whether the document is a judicial document, i.e., whether "the item filed must be relevant to the performance of the judicial function and useful in the judicial process"; (2) determine the weight of that presumption, i.e., the importance of the document

---

[1] Plaintiff's counsel filed Exhibit 23 under seal pursuant to the Confidentiality Stipulation and Order to provide Defendant the opportunity to file a sealing/redaction motion with the Court.

[2] A highlighted version of Exhibit 23 is being filed under seal so that the Court may read the areas to be redacted. The areas to be redacted in the Transcript are located at Tr. 139:8-14; 172:8-21; 173:1.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

with respect to the Court's determination of the issue before the Court; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

A "judicial document" is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F3d 132, 139-140 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). In determining whether a document is a judicial record, the Court evaluates the "relevance of the document's specific contents to the nature of the proceeding" and the degree to which "access to the [document] would materially assist the public in understanding the issues before the… court, and in evaluating the fairness and integrity of the court's proceedings." *Bernstein*, 814 F3d at 139-140. The "mere filing of a paper or document with the court is insufficient to render that paper a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Here, Exhibit 23 to Caplan's Declaration is volume two of Defendant's deposition transcript dated July 13, 2021 (the "Transcript"). The limited portions which Defendant seeks redaction of relate to specific contractual terms between Defendant and Onfroy in connection their agreement dated January 28, 2017 (the "Onfroy Agreement").

The second factor, the weight of the presumption, also weighs in favor of allowing redaction. The substance of the Transcript i.e., the business terms of Defendant's business arrangement with Onfroy, a non-party, which is already subject to a sealing order, is not relevant to Defendant's motion for summary judgment. Defendant is not seeking to redact the portions of the Transcript that are relevant to Defendant's motion for summary judgment and Plaintiff's opposition, i.e., Defendant's alleged agreement with Plaintiff. As such, the portion sought to be redacted has a low importance to the performance of the judicial function.

The privacy interests also outweigh the presumption to public access to the redacted portions of the Transcript. It is well settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch*, 435 F.3d at 119; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies, and policies); *Tropical Sails Corp. v. Yexy, Inc.*, 2016 WL 1451548, ay *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"). Further, "protecting the privacy interests of non-parties…represents a legitimate basis for sealing judicial documents." *Securities and Exchange Commission v. Telegram Group Inc.* (S.D.N.Y., June 17, 2020, No. 19-CV-9439 (PKC)) 2020 WL 3264264, at *3.

Here, Defendant's requested redactions to the Transcript, are narrowly tailored to redact information that Defendant believes would cause competitive harm if it were revealed. Specifically, Defendant has redacted the business terms of his management relationship with Onfroy, which includes information such as the financial terms of the parties' relationship. If disclosed, the redacted information could harm Defendant's relationship with his other clients and undermine Defendant's ability to competitively negotiate with others in the future. This information would also provide Defendant's competitors with an advantage if they were aware of the percentage Defendant is paid by his clients. Defendant would also be disadvantaged in negotiations with his current clients, and potential future clients, if these artists were aware of the financial compensation

Onfroy provided to Defendant. Defendant closely guards his financial arrangements with its clients for these very reasons, and as such, redaction is appropriate. Finally, the financial information requested to be redacted relates to Onfroy, a non-party to this action.

The undersigned has met and conferred with counsel for Plaintiff, who has stated that they will not oppose this request.

We greatly appreciate the Court's time and consideration, and should the Court need any further information we are available at Your Honor's convenience.

> Respectfully Submitted,
>
> ADELMAN MATZ P.C.
>
> David Marcus, Esq.

Cc: Brian D. Caplan, Esq. (*via* ECF)
Julie Wlodinguer, Esq. (*via* ECF)

```
Application GRANTED.  Plaintiff should replace the copy of
Exhibit 23 that has been filed at docket number 56-5 with a
version that is redacted as contemplated in Defendant's
papers filed with the Court.  The Court notes that a complete
and unredacted copy of the exhibit has already been filed
under seal, visible to the Court and parties only.  (See Dkt.
#57-5).  The Clerk of Court is directed to terminate the
pending motion at docket number 60.

Dated:    February 8, 2022        SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE
```